JOURNAL ENTRY and OPINION
{¶ 1} Pursuant to the terms of their settlement agreement to end their marriage, appellant, Robert Rowe ("appellant"), was required to pay appellee, Cynthia Rowe ("appellee"), $29,300, representing her interest in the marital residence. The domestic relations court, in its judgment entry approving the settlement agreement, ordered that appellant pay appellee $5,000 within seven days of execution of the settlement agreement and the remaining balance of $24,300 within 90 days of execution.
 {¶ 2} Although appellee received the $5,000 in a timely manner, appellant failed to pay the $24,300 on time. At the request of appellee, who claimed that his attorney misplaced or otherwise lost two checks, one in the amount of $4,300 and the other in the amount of $20,000, appellant's bank reissued the $4,300 check and paid it to appellee. However, the remaining $20,000 was not reissued by appellant's bank and, after numerous attempts to receive assurances that the check would be reissued went unanswered, appellee filed her motion to show cause.
 {¶ 3} By the time appellee's motion to show cause was set for hearing, appellant's attorney found the misplaced $20,000 check and gave it to appellee as payment. Appellee did not withdraw her motion to show cause because she asserted that she was entitled to three months' interest incurred on the $20,000 and attorney's fees for pursuing compliance with the settlement agreement, pursuing discovery in the form of requests for admissions which were deemed partially admitted when appellant failed to respond, and pursuing to remove appellant's attorney when it was revealed he would serve as a material fact witness on behalf of appellant to testify as to the lost check at the show cause hearing.
 {¶ 4} The magistrate issued a decision with findings of fact and conclusions of law, finding in favor of appellee, and awarding interest and attorney fees to appellee in the amount of $1,107.94. Appellant's objections were denied, appellee's objections were sustained in part, and the domestic relations court ultimately adopted the magistrate's decision, modifying the award of attorney fees to $1,557.84. Appellant now appeals, citing two assignments of error.
 I. {¶ 5} Appellant first argues that the domestic relations court erred in adopting the magistrate's decision and in denying his objections to the decision. In particular, appellant contends that he could not be found in contempt of court when he acted in good faith, his attorney inadvertently lost the check, and the payment was ultimately made, albeit late. He also contends that appellee produced no evidence that she incurred any loss as a result of the three-month delay in receiving the remaining $20,000. Appellant's contentions, however, are without merit.
 {¶ 6} Despite the fact that appellant believes he acted in good faith when he gave the checks to his attorney, the payment was not timely made to appellee in accordance with the settlement agreement. Even if the $20,000 check was inadvertently misplaced, there was evidence that appellee's counsel attempted to get assurances from appellant and his attorney as to whether another check would be issued or whether a bond would be secured for the check. Those assurances went unanswered or, at best, were answered in a vague fashion. Without any assurance that payment would be made, appellee filed her motion to show cause and her requests for admissions. Among the items deemed admitted by appellant were the following: (1) appellant made a partial payment of $4,300 but did not deliver the remaining $20,000 due and owing by the court-ordered due date; (2) appellant never obtained a security bond or a replacement check; (3) appellant delivered the $20,000 three months after it was due; (4) the $20,000 check was in the possession of appellant or his counsel until the date it was discovered; and (5) appellant is responsible for interest accrued on the unpaid $20,000 and attorney fees in seeking to enforce the settlement agreement.
 {¶ 7} These admissions, coupled with the evidence and the findings by the magistrate that the testimonies of the appellant and his counsel "lacked credibility" because of their tone, gestures and demeanor, as well as the events surrounding the misplacement of the check and its later discovery suspect, support the magistrate's decision. Because the trier of fact is in the best position to weigh both the evidence and the credibility of witnesses, this court may not reverse the findings unless they are clearly not supported by the evidence. We agree with the magistrate's decision that "a third party [appellee] should not be penalized for the mishap of another's agent." Appellant's good faith efforts do not erase the fact that appellee was entitled to $20,000 by a certain date. Because appellee received no meaningful assurance that she would be paid in accordance with the settlement agreement, she sought her only option through court intervention and, as a result, incurred attorney fees in pursuing compliance. These fees, as well as the interest incurred, were supported by evidence through appellee's counsel's testimony at the show cause hearing as well as the admission by appellant that she was entitled to interest incurred on the late $20,000. Thus, the domestic relations court did not err in adopting the magistrate's decision finding in favor of appellee and in overruling appellant's objections to the decision. Appellant's first assignment of error is overruled.
 II. {¶ 8} Appellant next argues that the domestic relations court erred in adopting the magistrate's decision and ordering additional attorney fees in the amount of $1,557.84. Appellant contends that such award was arbitrary; however, from the evidence presented at the show cause hearing, we conclude that appellee incurred attorney fees closer to an amount of $4,000 in pursuing appellant's compliance with the settlement agreement, the discovery requests, and the motion to remove appellant's former counsel. The modified award of attorney fees is not arbitrary or unreasonable based on the evidence presented. See, e.g., Zambory v. Zambory (Aug. 6, 1992), Cuyahoga App. No. 60877. Appellant's second assignment of error is overruled and the judgment of the domestic relations court is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court — Domestic Relations Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and Karpinski, J., concur.